SCHEB, Acting Chief Judge.
The Department of Health and Rehabilitative Services (HRS) appeals the trial court’s order denying its petition to require appellee Edward Parks to reimburse the state for public assistance payments made for the benefit of appellee’s minor children. In its petition under section '409.2561(3)(c), Florida Statutes (Supp.1982), HRS alleged that from July through December 1982 it made payments totalling $1,476 to the children’s mother, Mary Ann Parks, with whom the children resided.
Mr. Parks acknowledged that the payments had been made to Mrs. Parks for the children’s benefit, but denied that he was responsible for reimbursement. During a hearing, the trial judge learned that Mrs. Parks had taken the children from Illinois to Florida without prior notice to Mr. Parks. On this basis the judge determined that Mr. Parks was not obligated to reimburse HRS.
Under section 409.2561(1), Florida Statutes (Supp.1982), a responsible parent is required to reimburse HRS for public assistance payments for a child’s benefit, subject to the statutory exceptions of section 409.2561(5), Florida Statutes (Supp. 1982), none of which apply here. Thus, the trial court erred in determining that Mr. Parks was not obligated to reimburse HRS simply because he did not have notice that Mrs. Parks had taken the children from Illinois.
We think the trial court should have proceeded to determine whether the payments made by HRS were necessary and whether Mr. Parks was a responsible parent as defined by section 409.2554(5), Florida Statutes (Supp.1982). If so, the court should have proceeded to determine the extent of Mr. Parks’ ability to reimburse HRS.
Accordingly, we reverse and remand to the trial court for further proceedings consistent with this opinion.
CAMPBELL and SCHOONOVER, JJ., concur.